# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

BENJAMIN ALLEN, III,

        Plaintiff,

v.                                       CIVIL ACTION NO. 5:19-cv-00238

MICHAEL FRANCIS,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Benjamin Allen's letter-form Complaint instituting an action pursuant to 42 U.S.C. § 1983 [Doc. 1], on April 1, 2019, and Defendant Michael Francis' Motion for Summary Judgment [Doc. 15], filed October 22, 2019.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on January 10, 2020. Magistrate Judge Aboulhosn recommended that the Court dismiss Mr. Allen's Complaint without prejudice, deny Mr. Francis' Motion for Summary Judgment as moot, and remove this matter from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis

added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Additionally, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, pursuant to the Local Rules, pro se parties "must advise the clerk promptly of any changes in name, address, and telephone number." LR Civ. P. 83.5.

On January 10, 2020, a copy of the PF&R was sent to Mr. Allen at his last known address at the Southern Regional Jail, but the PF&R was returned as undeliverable on January 17, 2020 [Doc. 24]. At this writing, Mr. Allen was not listed on the West Virginia Division of Corrections and Rehabilitation Inmate Locator website. Inasmuch as Mr. Allen has failed to keep the Court apprised of his current address and objections in this case were due on January 27, 2020 and none have been filed, this matter is ready for adjudication.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 23**], **DISMISSES** Mr. Allen's Complaint without prejudice [**Doc. 1**], **DENIES AS MOOT** Mr. Francis' Motion for Summary Judgment [**Doc. 15**], and **DIRECTS** the Clerk to remove this matter from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: February 4, 2020



Frank W. Volk
United States District Judge

1